FÉLIX CHÉVERE CHÉVERE, demandante y recurrente, *v.* INSULAR MOTORS CORPORATION, demandada y recurrida.

*Número:* 12318. *Resuelto:* 15 de septiembre de 1961.

B. *Sánchez Castaño* y R. *Rivero Cervera*, abogados del recurrente; *Ismael* y *Edelmiro Soldevilla,* abogados de la recurrida.

Sala integrada por el Juez Asociado señor Hernández Matos, como Presidente de Sala, y los Jueces Asociados señores Blanco Lugo y Dávila.

PER CURIAM: El demandante recurrente acudió a la vía judicial para obligar a la demandada Insular Motors Corporation a cumplir con un contrato celebrado entre ellos y para que se le resarciera de los daños y perjuicios sufridos con motivo de la "cancelación" del referido contrato. El tribunal de instancia declaró sin lugar la demanda y el recurrente impugna la apreciación que hizo de la prueba.

El demandante, según la prueba presentada, acudió a la Insular Motors Corporation con el propósito de cambiar el camión que tenía por otro usado, de un modelo más reciente. El agente de la demandada examinó el camión perteneciente al demandante y luego de varias entrevistas convinieron en un negocio sujeto a los siguientes términos: el demandante entregaría su camión, que se valoró en $1,200, y pagaría $200 el día que se le entregara el camión por la demandada, quedando a deber $400 que, con los intereses y recargos, se pagarían en quince plazos de $33 mensuales.

El día que el demandante llevó su camión al sitio de negocios de la demandada, el agente de ésta estaba atendiendo otros clientes, y ordenó le entregaran la unidad vendida, recibiendo la del demandante sin inspeccionarla. Al siguiente día observó que al camión entregado le faltaba la plataforma y le habían sustituído las gomas traseras por otras en peores condiciones que las que tenía cuando se convino valorarlo en $1,200. En esta forma el negocio no era aceptable, y de hecho no era el convenido. El agente de la demandada se dirigió entonces a la residencia del demandante, pero lo encuentra en la carretera que conduce a la central de Toa Baja. Le

pidió que lo acompañara a Toa Alta para explicarle la situación que había surgido con motivo de que el camión no estaba en las mismas condiciones que cuando lo tasaron. Dejaron el camión a la orilla de la carretera con una persona vigilándolo y se dirigieron a Toa Alta donde el agente le expuso lo que había acontecido relacionado con el camión que había entregado y la situación en que eso lo colocaba con sus superiores. El demandante aceptó que él le quitó la plataforma y sustituyó las gomas, y le entregó las llaves del camión. Por la noche ese mismo día, la demandada le envió un cheque por $200, que era la cantidad que había entregado el día que fue a buscar el camión. A la fecha del juicio, si bien no había devuelto el cheque tampoco lo había hecho efectivo. El agente le pidió al demandante que fuera a buscar su camión pero no lo hizo y una semana después lo llevaron a su casa en Toa Alta.

El juez de instancia concluyó que el demandante convino en rescindir el contrato y esta conclusión está claramente sostenida por la prueba. No tiene importancia alguna, el hecho de que en un documento de la demandada, relacionado con este caso apareciera un sello con las palabras "deal cancelled". Ese hecho no altera lo que hemos visto sucedió. La prueba justifica la conclusión de que el demandante convino en rescindir el contrato.

*Se confirma la sentencia apelada y siendo claramente frívolo el recurso se impone al apelante el pago de la suma de $300 para honorarios de abogado.*